IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CANDACE FOX, et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 12-2706-CM-GLR |
| ) | |
| TRANSAM LEASING, INC., et. al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On September 12, 2013, the Court conducted a phone status conference. All parties appeared by their respective counsel of record. In addition to other matters the Court considered and ruled on the following motions: Motion to Compel by TransAm Trucking (ECF 28); Defendants' Motion for Leave to File Supplemental Reply (ECF 41). This Memorandum and Order confirms the rulings of the Court on those two motions.

Without objection the Court has sustained Defendants' Motion for Leave to File Supplemental Reply (ECF 41). Defendants conceded that the motion itself contains the content of the reply. It supplements the earlier response to the motion to compel.

The motion to compel seeks answers by plaintiffs to Interrogatories 3 and 4 of TransAm Trucking's First Set of Interrogatories. It also seeks to compel plaintiffs to provide documents

1

and information responsive to Requests 8 through 19, 24 through 29, and 31 through 33 of TransAm Trucking's First Request for Production of Documents. Having considered all the relevant memoranda of the parties, the Court has sustained in part and overruled in part the Motion to Compel by TransAm Trucking (ECF 28). More specifically the Court has ruled as follows:

Defendant concedes the motion is moot with regard to its request to require Plaintiff Charles Schreckenback to sign under oath his answers to the interrogatories. Plaintiff has signed them.

The Court agrees with the argument and cases submitted by Defendant that "boilerplate" objections of themselves generally do not justify a failure to answer interrogatories or to comply with requests for production. But such objections may be adequate, if the interrogatories or requests appear objectionable on their face. Plaintiffs answered in part and otherwise objected to Interrogatories 3 and 4 upon grounds the term "rate at which you were paid" is vague and ambiguous and that they were otherwise "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." The Court has overruled the objection that "rate at which you were paid" is vagues and ambiguous. It has sustained in part and denied in part the objection of irrelevancy. The Court agrees with Defendant that Paragraph 105 of the complaint does allege facts that justify the interrogatories to a limited extent, but not for information about services rendered as far back as 2001. Accordingly, Plaintiffs shall answer both interrogatories, but limited to providing the requested information with respect to services they provided as a truck driver, either as an employee or independent contractor, between August 18, 2006, and the present.

The Court overrules the objections as unsupported and sustains the motion to compel Plaintiffs to produce documents responsive to Requests 8, 9, 10, 14, and 15. It overrules the motion and sustains objections that the following interrogatories are on their face overly broad and unduly burdensome: 11, 12, 13, 16 through 19, 24 and 25.

Plaintiffs did not address the motion with regard to Requests 26 through 29. Accordingly, the Court regards any objection to those requests as abandoned. It sustains the motion to compel production of documents responsive to Requests 26 through 29.

Requests 31, 32, and 33 seek production of current Archives or Expanded Archives for Facebook or Twitter accounts of the Plaintiffs. Defendant has cited cases that support the propriety for requiring production of such information. Plaintiffs objected to these three requests only upon the ground that they are "not reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs have provided no evidence to support an objection that their social media, if any, is totally lacking in relevant information. The briefing on this point does not adequately support their single objection. In the last paragraph of its motion Defendant has described what specific information it seeks. Accordingly, the Court will overrule the objection and sustain the motion. But it will give Plaintiffs the following option for responding to these three requests: Plaintiffs shall provide the archive information, as requested by Requests 31, 32, and 33. As an alternative, however, Plaintiffs may satisfy the requests by providing all of the following information from their respective Facebook and Twitter accounts: any discussions or complaints about defendant(s); any communications regarding the intent of any Plaintiff to sign up to drive for defendant(s); and any discussions about this law suit that is not subject to a legal privilege.

In summary, the Court sustains Defendants' Motion for Leave to File Supplemental Reply (ECF 41). It deems the Supplemental Reply filed. The Court sustains in part and overrules in part the Motion to Compel by TransAm Trucking (ECF 28). On or before October 2, 2013, Plaintiffs shall answer Interrogatories 3 and 4 of TransAm Trucking's First Set of Interrogatories Numbered 1 to 8, as herein provided. By that date Plaintiffs shall also produce documents and information responsive to items 8, 9, 10, 14, 15, 26, 27, 28, 29, 31, 32 and 33, as herein directed. The Court overrules the remaining part of the motion to compel.

IT IS SO ORDERED.

Dated this 18th day of September, 2013.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U. S. Magistrate Judge