**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CANDACE FOX, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 12-2706-CM-GLR |
| ) | |
| **TRANSAM LEASING, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Named plaintiffs Candace Fox, Anthony Gillespie, and Charles Schreckenbach, individually and on behalf of others similarly situated, filed their original complaint in this action on November 2, 2012, against defendants TransAm Trucking, Inc. ("TransAm Trucking") and TransAm Leasing, Inc. In Count III, plaintiffs allege that defendants violated 49 C.F.R. § 376.12(i) by requiring plaintiffs to pay a satellite communications system usage fee of fifteen dollars per week. Defendants counter that the fee is not a forced purchase but is instead a specifically authorized chargeback under 49 C.F.R. § 376.12(h).

On June 11, 2014, this court certified a class on Count III (Doc. 80), defining the class as follows:

> All persons, including entities, who operated under an Independent Contractor Agreement that included a satellite communications system usage fee with TransAm Trucking, Inc. between November 2, 2009, through the present.

Plaintiffs now seek leave to amend their complaint to extend by one year the class period in Count III.[1] Specifically, plaintiffs request that the class period begin November 2, 2008, rather than

---

[1] Plaintiffs also request to amend their original complaint to clarify that they now seek civil penalties under the Kansas Consumer Protection Act, which plaintiffs contend only became available when the court denied class certification as to those claims. Defendants do not appear to oppose those amendments.

-1-

November 2, 2009.  Additionally, plaintiffs seek approval of their class action notices.  These matters are before the court on plaintiffs' Motion for Leave to Amend Class Action Complaint (Doc. 82) and Unopposed Motion for Approval of Proposed Class Action Notice (Doc. 86).

**1. Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given. *McNamara v. Am. Family Mut. Ins. Co.*, No. 13-2195-KHV-KGG, 2013 WL 5467078, at *1 (D. Kan. Sept. 30, 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Defendants contend any claims that accrued prior to November 2, 2009, would be time-barred by the applicable four-year statute of limitations.  *See* 28 U.S.C. § 1658.  Defendants further argue that any such claims would not relate back to the filing of the original complaint.  The court disagrees.

Pursuant to Rule 15(c), an amended complaint may relate back to the date of a timely-filed original complaint, even if the amendment is outside of the statute of limitations, when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 661–62 (D. Kan. 2014) (citation omitted).  It is within the court's sound discretion to decide whether a new claim meets this standard.  *Id.* (citing *Acker v. Burlington N. & Santa Fe Ry. Co.*, 215 F.R.D. 645, 648 (D. Kan. 2003)).

The court believes justice permits leave to amend in these circumstances.  Plaintiffs do not seek to add additional claims against these defendants, nor do plaintiffs seek to add any new defendants.

Moreover, this is plaintiffs' first motion for leave to amend, and there is no indication plaintiffs' request is advanced in bad faith, as the court only recently granted class certification on Count III, which is subject to the four-year statute of limitation. The proposed amendment will not affect any court-imposed scheduling deadlines. As such, the court finds no undue prejudice.

Additionally, granting plaintiffs' motion would not affect the court's analysis of predominance because the same satellite communications usage fee provision the court already considered in certifying the class is also included in the independent contractor agreements defendants used in 2008. The court finds defendants have adequate notice about the conduct and transactions underlying plaintiffs' truth-in-leasing claim, rendering relation back appropriate. Accordingly, the court re-defines the class as follows:

> All persons, including entities, who operated under an Independent Contractor Agreement that included a satellite communications system usage fee with TransAm Trucking, Inc. between November 2, 2008, through the present.

**2. Notice**

Rule 23 provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state in plain, easily understood language:

(i)   the nature of the action;

(ii)  the definition of the class certified;

(iii) the class claims, issues or defenses;

(iv)  that a class member may enter an appearance through an attorney if the member so desires;

(v)   that the court will exclude from the class any member who requests exclusion;

> (vi)   the time and manner for requesting exclusion; and
>
> (vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii).  The district court has discretion in fashioning notice in class actions.  *Burns v. Copley Pharm.*, No. 96-8054, 1997 WL 767763, at *3 (10th Cir. Dec. 11, 1997) (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987)).

Here, the parties have agreed on the content of the notice to be mailed to class members (Doc. 86-1) ("Class Action Notice") and the notice for publication (Doc. 86-2) ("Legal Notice").  Regarding the Class Action Notice, defendants agree to produce to plaintiffs the last known names, addresses and email addresses, if available, of all class members.  Class Counsel propose to mail the Class Action Notice to all ascertainable class members.  With respect to the Legal Notice, Class Counsel propose arranging for a one-time publication in Road King Magazine.[2]

The court has revised the proposed Class Action Notice and Legal Notice and has attached both notices to this Memorandum and Order as Exhibits A and B, respectively.  To the extent class members' names and addresses are ascertainable, Class Counsel must mail the Class Action Notice to those individuals no later than September 30, 2014.  Additionally, Class Counsel must publish the Legal Notice as a full-page advertisement in the September/October issue of Road King Magazine.  With these directives, the court finds that the Class Action Notice and Legal Notice fairly inform potential class members of their rights and comply with the standards of due process and Rule 23.  *Hershey v. ExxonMobil Oil Corp.*, No. 07-1300-JTM, 2012 WL 1205724, at *2 (D. Kan. Apr. 11, 2012).

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Leave to Amend Class Action Complaint (Doc. 82) is granted.  The current class definition is as follows:

---

[2] Road King Magazine is a national trucking industry publication with a circulation of 242,000 readers.  Road King Magazine's readership extends across the entire United States and is published nine times per year.

>All persons, including entities, who operated under an Independent Contractor Agreement that included a satellite communications system usage fee with TransAm Trucking, Inc. between November 2, 2008, through the present.

**IT IS FURTHER ORDERED** that plaintiffs' Unopposed Motion for Approval of Proposed Class Action Notice (Doc. 86) is granted. With respect to the notice procedures, the court orders the following:

1. Class Counsel must send by first-class mail the Class Action Notice, attached here as Exhibit A, to all ascertainable class members no later than September 30, 2014.

2. Class Counsel must publish the Legal Notice, attached here as Exhibit B, as a full page advertisement in the September/October issue of Road King Magazine.

**IT IS FURTHER ORDERED** that the deadline for class members to opt out of this lawsuit is November 10, 2014. The trial is set for September 7, 2015 at 1:00 p.m.

**IT IS SO ORDERED.**

Dated this 16th day of July 2014, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**