IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| CANDACE FOX, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 12-2706-CM-GLR |
| | ) | |
| TRANSAM LEASING, INC., et. al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for resolution of the parties' discovery dispute regarding Interrogatories 4 and 6, and Requests for Production Nos. 2, 4, 6, 8, 9 and 10, sought pursuant to Plaintiffs' Second Set of Interrogatories and Request for Production. At the request of the parties the Court held a status conference on October 7, 2014, to address the issue. The Court heard arguments of counsel and ordered additional briefing by the parties. The matter is now fully briefed and the Court is prepared to rule.

**I.   Background**

Named plaintiffs Candace Fox, Anthony Gillespie, and Charles Schreckenbach, individually and on behalf of others similarly situated, filed their original 15-count Class Action Complaint on November 1, 2012, against Defendants TransAm Trucking, Inc. and TransAm Leasing, Inc.[1]  Plaintiffs and the putative class are independent truck drivers who own or lease

---

[1] Doc. 1.

1

motor vehicle equipment, namely semi-trucks, to Defendant TransAm Trucking. Defendant TransAm Leasing is a separate entity that leases semi-trucks to independent contractors who, in turn, lease those trucks and driving services to TransAm Trucking or some other motor carrier. Plaintiffs allege that the putative class members signed substantially identical Independent Contractor Agreements ("ICA") with TransAm Trucking. The ICAs are considered leases under federal truth-in-leasing regulations because the contractor is considered to be leasing the truck and driving services to a motor carrier.

Plaintiffs sought class certification on Counts I, II and III only.[2] The District Court denied class certification for Counts I and II, and granted class certification on Count III.[3] In Count III, Plaintiffs allege that Defendants violated 49 C.F.R. § 376.12(I), which provides that:

> The lease shall specify that the lessor is not required to purchase or rent any products, equipment, or services from the authorized carrier as a condition of entering into the lease arrangement.[4]

Plaintiffs allege that Defendants violated the provision by requiring Plaintiffs pursuant to the ICA to pay a satellite communications system usage fee of fifteen dollars per week.[5] Defendants counter that the fee is not a forced purchase but is instead a specifically authorized charge-back. Defendants assert that TransAm Trucking must pay a service provider for its satellite communications system, and it charges back the cost of that to its drivers, as specifically

---

[2] Doc. 69 at 2.

[3] Doc. 80.

[4] 49 C.F.R. § 376.12(i).

[5] Doc. 90 at 28.

2

authorized by 49 C.F.R. § 376.12(h).[6]

The District Court certified a class on Count III, and subsequently Plaintiffs' sought leave to amend the complaint to extend by one year the class period in Count III. The Court granted the motion to amend and therefore redefined the class as follows:

> All persons, including entities, who operated under an Independent Contractor Agreement that included a satellite communications system usage fee with TransAm Trucking, Inc. between November 2, 2008, through the present.[7]

Plaintiffs served discovery seeking, among other things, the following: the identity of any documents provided to class members to permit them to determine the validity of the satellite communications fees (Interrogatory No. 4); whether or not Defendants informed class members of the terms of any agreement permitting the satellite fee deductions (Interrogatory No. 6), and all writings provided to class members to validate the charges, or reflecting any communications between Defendants and a satellite vendor concerning the satellite equipment or fees (Requests for Production Nos. 2, 4, 6, 8, 9 and 10). In response, Defendants objected to the interrogatories:

> TransAm Trucking objects because this interrogatory seeks information outside the scope of discovery defined by Federal Rule of Civil Procedure 26(b)(1). The interrogatory asks for information about class members in connection with what the Plaintiffs assert is a legal duty under 49 C.F.R. § 376.12(h) to provide certain documents to independent contractor drivers. But the only count for which a class was certified in this case, Count 3, does not assert a claim under this provision. In fact, none of the 15 counts in the Complaint assert such a claim.[8]

Defendants likewise objected to the requests for production as seeking information outside the

---

[6] Doc. 74 at 20.

[7] ECF 89 at 3.

[8] *See* Doc. 107–1 at 3–4.

scope of discovery defined by Fed. R. Civ. P. 26(b)(1).

**II.     Discussion**

The parties dispute whether the discovery at issue is relevant pursuant to Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."[9]  In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[10]  The Court must determine "whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."[11]  The good-cause standard is intended to be flexible and the court "has discretion in determining what the scope of discovery should be."[12]

Relevancy is broader than admissibility at trial, and for purposes of discovery, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[13]  Relevancy is "broadly construed," and a discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the *claim or defense of any party*."[14]  "When the discovery sought appears relevant, the party resisting the discovery must show that it (1) does not come within the scope of

---

[9] Fed. R. Civ. P. 269b)(1).

[10] Fed. R. Civ. P. 26(b)(1).

[11] *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188–89 (10th Cir. 2009) (citing Fed. R. Civ. P. 26 advisory committee's note (2000)).

[12] *Id.* at 1189.

[13] *Id*. (citing Fed. R. Civ. P. 26(b)(1)).

[14] *Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1742163, *4 (D. Kan. May 24, 2007) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[15]  The party seeking the discovery has the burden of showing the relevancy when relevancy is not readily apparent.[16]

Plaintiffs allege that the requested discovery is relevant to Defendants' charge-back defense, while Defendants argue that the document requirement in the second part of § 376.12(h) does not impact their charge-back defense authorized in the first part of the regulation.  The charge-back regulation provides that:

> (h) Charge-back items. The lease shall clearly specify all items that may be initially paid for by the authorized carrier, but ultimately deducted from the lessor's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed.  The lessor shall be afforded copies of those documents which are necessary to determine the validity of the charge.[17]

Defendants argue that there is no case law holding that a charge cannot qualify as a charge-back unless the afforded documents clause was satisfied.  Defendants acknowledge that the discovery requests at issue would be appropriate if the Plaintiffs had initially pled a claim under § 376.12(h) and succeeded in certifying that claim for class action status.  Defendants argue that the discovery at issue was propounded in an effort to broaden the class-action claims in this case after the Court has already decided certification.

Neither party cited Tenth Circuit law regarding the interplay between the disclosure and

---

[15]*Id*. (quoting *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004)).

[16]*Id*. (citation omitted).

[17]49 C.F.R. § 376.12(h).

documentation provisions of § 376.12(h).  Neither the issue of whether Plaintiffs can assert a non-disclosure cause of action under (h) nor the issue of admissibility of evidence relating to non-disclosure is before the Court. The issue before the Court is whether the disputed discovery sought could lead to relevant evidence as to the claims or defenses of the parties.  The Court finds that at this stage in discovery, Plaintiffs have demonstrated that the interrogatories and requests for production appear reasonably calculated to lead to the discovery of admissible evidence.  It orders Defendants, therefore, to serve answers and responses to them within ten days.  This ruling does not purport, however, to alter or affect the Court's ruling on class certification.  This order relates only to the permissible scope of discovery.

Plaintiffs also seek reasonable attorneys' fees and expenses under Fed. R. Civ. P. 37(a)(5)(A), which provides that if a motion to compel is granted, the court must require the payment of movant's reasonable expenses, unless "the opposing party's nondisclosure , response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust."[18]  Although the dispute in this case was not presented to the Court pursuant to a motion to compel, the Court would nevertheless find an award of expenses unjust pursuant to Rule 37. In addition, the Court cannot find that Defendants' objection to discovery was not substantially justified.  Plaintiffs' request for fees and expenses in denied.

IT IS SO ORDERED.

Dated this 30th day of October, 2014.

S/Gerald L. Rushfelt<br>
Gerald L. Rushfelt<br>
U. S. Magistrate Judge

---

[18] Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).