**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CANDACE FOX, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 12-2706-CM |
| ) | |
| **TRANSAM LEASING, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Named plaintiffs Candace Fox, Anthony Gillespie, and Charles Schreckenbach, individually and on behalf of others similarly situated, brought this action alleging that TransAm Leasing, Inc. and TransAm Trucking, Inc. (collectively referred to as "TransAm") violated various federal and state laws. Plaintiffs moved to certify three of their fifteen claims—two under the Kansas Consumer Protection Act ("KCPA"), Kan. Stat. Ann. §§ 50-626, -627,[1] and one under truth-in-leasing regulation 49 C.F.R. § 376.12(i).

On June 11, 2014, this court declined to certify plaintiffs' KCPA claims, concluding that individual inquiries would be necessary to establish liability. (Doc. 80 at 13.) However, the court certified plaintiffs' claim under § 376.12(i) (Count 3), concluding that the issue of whether TransAm's mandatory, weekly fifteen-dollar charge for a satellite communications system (the "Satellite Fee") is unlawful involved common proof. (Doc. 80 at 14.)

The parties filed motions for summary judgment. Plaintiffs moved for partial summary judgment on liability as to Count 3, arguing that the satellite communications fee is a forced purchase in violation of § 376.12(i). (Doc. 121.) TransAm denied liability on the forced-purchase claim and

---

[1] Plaintiffs' KCPA claims are based on allegations that defendants made false representations and material omissions about the amount of compensation plaintiffs would make driving trucks as independent contractors.

argued, *inter alia*, that it was entitled to summary judgment because plaintiffs did not establish damages at the summary judgment phase.[2] (Doc. 123.)

On April 27, 2015, this court issued a Memorandum and Order ("the Order"), granting plaintiffs' motion on liability as to Count 3, finding that TransAm's required weekly charge for a satellite communications system violated § 376.12(i). (Doc. 134 at 8.) The court also denied TransAm's summary judgment motion on damages, determining that damages are not a predicate of, or an element for, liability under 49 U.S.C. §14704(a)(2). (*Id.* at 9.)

Currently before the court is TransAm's Motion for Interlocutory Appeal Certification (Doc. 136). Pursuant to 28 U.S.C. § 1292(b), TransAm requests that the court certify for interlocutory appeal the following two issues: 1) "Is a mandatory charge-back in a Lease a per se violation of 49 C.F.R. § 376.12(i)?" and 2) "May a Plaintiff continue a claim under 49 U.S.C. § 14704(a)(2) past summary judgment without presenting any evidence of damages?" (Doc. 136 at 1.)

The court agrees that these two issues should be certified for interlocutory appeal, with some modification to defendant's characterization of the first issue, as explained below.

## I. LEGAL STANDARDS

Pursuant to § 1292(b), district courts have the discretionary authority to authorize an appeal of an interlocutory order where such appeal is not otherwise provided by statute. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). When analyzing whether certification is appropriate under § 1292(b), the court must find that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and

---

[2] TransAm also sought summary judgment on plaintiffs' individual claims related to bobtail insurance, physical damage insurance, breakdown insurance, buy-down insurance, rider insurance, pre-pass, fuel optimizer, hand-loading, and false advertising. (Doc. 123.)

-2-

expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *State of Utah by & through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation omitted).  A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation." *Id.*

## II. Analysis

The Order is not otherwise appealable by statute, satisfying the initial requirement of §1292(b). Thus, the court proceeds to address the three prongs of the § 1292(b) analysis.

### A. Controlling Question of Law

TransAm asserts that the two issues it seeks to appeal involve questions of law.  With regard to the first issue, plaintiffs agree that whether the Satellite Fee violates § 376.12(i) is a question of law. While the court also agrees that this is a legal question, the court takes issue with the manner in which TransAm characterizes the court's Order in this regard.  TransAm states:

> It is undisputed TransAm Trucking included a $15 fee in its contract with drivers for the satellite communications system, and that fee was not optional for those drivers who signed up as independent contractors.  ***And the Court's decision on liability was based on those two facts alone.***  The only remaining question is whether the Tenth Circuit will agree with the Court on *its conclusion that any mandatory charge in a Lease contract violates § 376.12(i) even if it falls within the category of a chargeback as defined by 49 C.F.R. § 376(h)*.

(Doc. 136 at 3) (emphasis added).  First, the court did not base its decision—that the Satellite Fee was unlawful—solely on the two facts mentioned by TransAm.  Rather, the court took into account other considerations, such as the fact that satellite communications systems are not mandated by any federal law or regulation.  (Doc. 134 at 6, 7.)

-3-

Second, TransAm has mischaracterized the court's conclusion. The court did not conclude that *any* mandatory charge in a lease violates the forced-purchase provision in § 376.12(i), *even if* it falls within the category of a chargeback defined by § 376.12(h). More specifically, the court never concluded that TransAm's forced purchase of its satellite communications system was a chargeback as defined by § 376.12(h); to the contrary, the court explained, "TransAm cannot argue that it does not violate subsection (i) simply by contending that the Satellite Fee is a chargeback under subsection (h). . . . In other words, Subsection (h) does not allow a motor carrier to require an independent contractor to purchase products or services *only so long as* the motor carrier discloses the charge in advance, and the forced purchase of an item does not become a chargeback simply because the amount of the item is disclosed in the lease." (*Id.* at 5–6.) Thus, the court never stated that the Satellite Fee violates the forced-purchase provision *even though* it was a lawful chargeback as defined by § 376.12(h), because the court never found that the Satellite Fee was a lawful chargeback. TransAm's characterization of the court's conclusion is erroneous.

Moreover, the court limited its holding to the particular forced purchase in this case—the forced purchase of a satellite communications system. The court distinguished the nature of the product TransAm's independent contractors were being forced to purchase, stating, "Plaintiffs and class members must have the option of obtaining equipment or services—including satellite communications services— from an outside source." (*Id.* at 6.) As such, the court did not state that *any* mandatory charge violates the forced-purchase provision in § 376.12(i) even if it is characterized as a chargeback; rather, the court stated that *this particular* mandatory charge violates the forced-purchase provision in § 376.12(i), distinguishing the product from other lawful chargebacks such as insurance or taxes. (*Id.*)

-4-

Accordingly, the appropriate issue to consider for purposes of an interlocutory appeal is whether TransAm's requirement that its independent contractors purchase a satellite communications system for a mandatory fee of fifteens dollars per week violates the forced-purchase provision found in § 376.12(i). The court concludes that this is a legal question.

The court turns to the second issue—whether proof of damages at the summary judgment stage is required. In its Order, the court determined that actual damages are not a predicate for, or an element of, liability under 49 U.S.C. § 14704(a)(2) and that, as a result, plaintiffs did not have to present evidence of damages to proceed past summary judgment. (*Id.* at 9.) The court finds its ruling on this issue involves no questions of fact. Rather, whether plaintiffs are required to present evidence of damages to advance a claim under § 14704(a)(2) past summary judgment is a pure legal question.

The court further finds both issues are controlling. An issue is controlling if interlocutory reversal would terminate the action or substantially affect the course of litigation. *In re Indep. Serv. Orgs. Antitrust Litig.*, No. 94-2102-EEO, 1997 WL 450028, at *4 (D. Kan. July 17, 1997). In this case, if the Tenth Circuit determined that the Satellite Fee is not a forced purchase in violation of § 376.12(i), Count 3 would be disposed of. If that conclusion were reached, there would be no reason to conduct a trial on damages, thereby conserving resources for both the district court and the parties. Along those same lines, if the Tenth Circuit determined that plaintiffs must establish damages at the summary judgment phase, which plaintiffs did not do, TransAm would be entitled to summary judgment on Count 3, rendering a trial on that claim unnecessary.

A reversal on either issue would terminate or substantially affect the course of the litigation. Accordingly, the court finds both issues to be controlling legal questions.

**B.   Substantial Ground for Difference of Opinion**

The court next addresses whether there are substantial grounds for a difference of opinion as to the issues TransAm wishes to certify for appeal. With respect to the court's forced-purchase ruling under § 376.12(i), the court relied on several federal district court cases cited by the plaintiffs, and distinguished a federal circuit case cited by TransAm, *Owner-Operator Independent Drivers Association v. Mayflower Transit, LLC*, 615 F.3d 790 (7th Cir. 2010). (Doc. 134 at 6–7.) In *Mayflower*, the Seventh Circuit held a mandatory charge for insurance did not violate § 376.12(i). The Tenth Circuit has not ruled on the issue of what charges may constitute forced purchases.

The court recognizes that a question of first impression is not, by itself, sufficient to show a substantial ground for difference of opinion. *Maxwell v. Handicapped Educ. & Living Programs, Inc.*, No. CIV. A. 91-2387-O, 1992 WL 97801, at *1 (D. Kan. Apr. 13, 1992) (citing *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983)). However, while the court rejected TransAm's arguments, the court did not find the arguments to be implausible. *See Rural Water Dist. No. 4 v. City of Eudora,* 875 F. Supp. 2d 1260, 1274 (D. Kan. 2012) (finding substantial ground for difference of opinion where "colorable arguments" were made), *aff'd in part and rev'd in part on interlocutory appeal*, 720 F.3d 1269 (10th Cir. 2013). The court believes there are substantial grounds for a difference of opinion regarding whether TransAm's required purchase of a satellite system is a forced purchased in violation of § 376.12(i).

Likewise, the court believes there are grounds for differing opinions on the issue of whether damages must be shown at the summary judgment stage when a claim is brought under 49 U.S.C. § 14704(a)(2), the truth-in-leasing statute. While the court acknowledged that plaintiffs would have to show damages at trial, the court concluded that a showing of damages at summary judgment is not required, citing *Owner-Operator Independent Drivers Association v. Allied Van Lines, Inc.*, 231 F.R.D. 280, 284 n.10 (N.D. Ill. 2005), and *Owner-Operator Independent Drivers Association v. C.R.*

-6-

*England, Inc.*, 508 F. Supp. 2d 972, 981 (D. Utah 2007).  (Doc. 134 at 9.)  The court distinguished the cases upon which TransAm relied, including *Owner-Operator Independent Drivers Association, Inc. v. Landstar System, Inc.*, 622 F.3d 1307 (11th Cir. 2010), and *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co.*, 632 F.3d 1111 (9th Cir. 2011).  (Doc. 134 at 9–10.)

The court remains convinced its damages analysis under § 14704(a)(2) is correct.  However, TransAm presents a tenable argument that there may be grounds for disagreement sufficient to satisfy this requirement of § 1292(b).

### C.  Materially Advance the Litigation

Finally, the court must determine whether an immediate appeal would materially advance the termination of this litigation.  Section 1292(b) interlocutory appeals are "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action."  *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citing S.Rep. No. 85-2434 (1958), *as reprinted in* 1958 U.S.C.C.A.N. 5255).

TransAm represents that plaintiffs have requested the court conduct a bench trial on Count 3 before the court conducts a jury trial on the plaintiffs' individual claims.  (Doc. 142 at 3.)  Thus, if the Tenth Circuit court were to disagree with this court's forced-purchase or damages analysis, such a determination would terminate the need to litigate Count 3 before this court.  Granting TransAm leave to appeal at this stage may materially advance the litigation.  Therefore, the court finds that certification under § 1292(b) is warranted.

**IT IS THEREFORE ORDERED** that TransAm's Motion for Interlocutory Appeal Certification (Doc. 136) is granted.  The court's April 27, 2015 Order (Doc. 134) is deemed amended

-7-

to reflect that the court finds that under 28 U.S.C. § 1292(b), the following two issues are immediately appealable:

1) Whether TransAm's requirement that its independent contractor purchase a satellite communications systems for a mandatory charge of fifteen dollars per week is a forced purchase in violation of § 376.12(i).

2) Whether plaintiffs are required to establish damages at the summary judgment stage in a case brought under 49 U.S.C. § 14704(a)(2).

Both of these issues are controlling questions of law to which there are substantial grounds for differences of opinion, and an immediate interlocutory appeal from the Order may materially advance the ultimate termination of this litigation on Count 3.  For these reasons, the court certifies an appeal of these two issues.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
