IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CANDACE FOX, ANTHONY GILLESPIE,
and CHARLES SCHRECKENBACH,
*Individually and on behalf of a class of all
others similarly situated,*

           Plaintiffs,

v.                                           Case No. 2:12-cv-02706-JTM

TRANSAM LEASING, INC., and
TRANSAM TRUCKING, INC.,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' motion for summary judgment (Dkt. 178). The motion argues plaintiffs are entitled to a declaratory judgment stating that the defendants violated a Department of Transportation "Truth-in-Leasing" regulation. Defendants oppose the motion. For the reasons stated herein, the court finds that the motion should be granted.

**I. Background.**

Plaintiffs are three "owner-operator" truck drivers who represent a class of similarly-situated persons on Count III of the amended complaint (Dkt. 90).[1] Defendants are federally regulated motor carriers. Count III alleges that defendants violated 49 C.F.R. § 376.12(i), a regulation applicable to motor carriers who lease trucks

---

[1] The amended complaint (Dkt. 90) contained fifteen counts. Plaintiffs' individual claims have now been disposed of as to all counts. Dkts. 174, 175. Their only remaining claim is a class action claim for declaratory or injunctive relief as to Count III.

and other transportation equipment. The regulation provides that lessors (*i.e.*, truck owners) shall not be required to purchase or rent any equipment or services from a carrier as a condition of entering into a lease agreement. Count III alleges that defendants violated the regulation by requiring plaintiffs and others to pay a $15 weekly fee to use defendants' satellite communications system. Count III prayed for damages for violation of the regulation as well as declaratory and injunctive relief.

In April of 2015, Judge Murguia granted plaintiffs' motion for partial summary judgment as to Count III, finding defendants' imposition of the satellite fee was a forced purchase prohibited by the regulation. Dkt. 134. Although plaintiffs failed to cite any evidence of damages resulting from the practice, Judge Murguia concluded that proof of actual damages was not an essential element of the claim, and he denied defendants' competing motion for summary judgment as to that issue.

In an interlocutory appeal, the Tenth Circuit affirmed the finding that the $15 usage fee was a violation of 49 C.F.R. § 376.12(i). *Fox v. TransAm Leasing, Inc.*, 839 F.3d 1209 (10th Cir. 2016). The court stated that this finding "will support the truckers' requests for injunctive and declaratory relief." *Id*. at 1211. But the court also found that plaintiffs' failure to present any evidence of damages meant the district court should have entered summary judgment for defendants on plaintiffs' damage claim. *Id*. at 1219. The case was remanded for further proceedings consistent with the Tenth Circuit's opinion. *Id*. at 1220.

**II. Motion for Summary Judgment.**

Plaintiffs move for summary judgment, arguing they are entitled to a declaratory judgment stating that defendants' forced purchase of satellite communication services violated 49 C.F.R. § 376.12(i). Dkt. 178 at 1. They argue a declaratory judgment will provide a definitive ruling and prevent such illegal conduct in the future. They argue defendants' cessation of the practice does not eliminate the need for declaratory relief, asserting that defendants deliberately charged the fees for years, they did not remove the fees until after suit was filed, and defendants maintained that the fees were lawful until the Tenth Circuit ruled otherwise.

Defendants argue there is no actual controversy to support a declaratory judgment, because defendants stopped charging the fee in April 2014, they removed the fee from its leases, and they have no intention of re-imposing the fee. They contend a declaratory judgment would thus have no impact on the parties' behavior. Dkt. 184 at 11. Defendants also point out that declaratory relief is discretionary and contend that the factors in *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994), as well as plaintiffs' delay in moving for a declaratory judgment, weigh against such relief. Finally, defendants argue that the statute creating a private right of action for violation of the regulations does not authorize declaratory relief. Dkt. 184 at 17.[2]

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a

---

[2] Defendants also argue that plaintiffs would not be able to recover attorney fees even if they were able to obtain declaratory relief because the Declaratory Judgment Act, 28 U.S.C. § 2201, does not authorize such fees. They concede that the question of attorney fees "may be premature," but raise the issue now so as not to waive it. Dkt. 184 at 17. The court agrees that any question of attorney fees is not at issue here.

matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Communs.*, 456 F.3d 1215, 1219 (10th Cir. 2006). The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim. *Thom v. Bristol–Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)). The nonmovant must then bring forth specific facts showing a genuine issue for trial. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The court views all evidence and reasonable inferences in the light most favorable to the non-moving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

For purposes of the motion, the court finds the following facts to be uncontroverted. Plaintiffs filed this action in November of 2012. The complaint included a class action claim alleging defendants were violating 49 C.F.R. § 376.12(i) by requiring forced purchases of satellite communication services. Plaintiffs moved for class certification in December of 2013. In April of 2014, defendants stopped charging truckers the $15 satellite fee. Since that time, defendants' contracts have not included a satellite communication fee or anything similar to it. The President of TransAm Trucking, Russ McElliott, testified that the decision to remove the fee is permanent. Defendants continued to assert on appeal that the $15 satellite communication fee was lawful. The mandate of the Tenth Circuit affirming Judge Murguia's finding that imposition of the fee was unlawful was entered on November 9, 2016.

4

None of the named plaintiffs have driven for defendants since 2012, although members of the plaintiff class who were charged the fee in the past continue to drive for defendants.

**III. Discussion.**

Section 14704(a)(2) of Title 49, U.S. Code, provides a private right of action for damages caused by a motor carrier's violation of federal transportation statutes and regulations. Section 14704(a) authorizes an action for injunctive relief for certain violations. These remedies are in addition to any remedies existing under other laws or under common law. 49 U.S.C. § 13103.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in part that in a case of actual controversy within its jurisdiction, a court of the United States may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought. This provision confers a power, but not a duty, to hear claims for declaratory relief. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995). In making the determination, the court first determines whether a case of actual controversy exists. If it does exist, the court then weighs case-specific factors that guide the exercise of the authority to grant declaratory relief. *Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015).

To determine whether an actual controversy exists, the court examines "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v.*

5

*Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In arguing that a controversy no longer exists, defendant relies upon its discontinuation of the fee and the fact the Tenth Circuit has now determined that the practice was unlawful. It is true that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) (internal quotation marks omitted)). *See also Lawrence v. Kuenhold,* 271 Fed.Appx. 763, 766 (10th Cir.2008) ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply proclaim liability from a past act."). But "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). Voluntary cessation of a defendant's conduct "does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016). To demonstrate mootness, a defendant carries "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 727 (2013)).

The court concludes an actual controversy between the parties exists. Defendant imposed the satellite communication fee for a number of years and continued to do so

for over a year after this lawsuit was filed. Even at that point, defendants did not concede the unlawfulness of the practice but continued to argue it was lawful until after the Tenth Circuit recently affirmed Judge Murguia's finding that the fee violated the regulation. Defendants now state they have no intention of reimposing the fee, but there is no legal impediment to doing so should they have a change of heart. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("the city's repeal of the objectionable language would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated"). *Cf. Already*, 133 S.Ct. at 727 (defendant's execution of a broad and irrevocable convenant not to engage in the challenged conduct sufficed to meet burden). The court concludes that defendants' stated intention of not imposing such a fee in the future, standing alone, does not suffice to meet their burden of demonstrating mootness. The court further concludes that plaintiffs have shown the existence of an actual controversy. The parties' legal interests are adverse and the facts relevant to determining whether defendants' conduct violated the regulation are concrete rather than hypothetical.

In deciding whether declaratory relief should be granted, a district court should consider: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; (4) whether use a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more

effective. *Predator Intern., Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1190 (10th Cir. 2015) [cite omitted].

After considering these factors, the court concludes that a declaratory judgment finding defendants' practice violated the regulation should be granted. The issuance of a declaratory judgment will settle the legal question regarding imposition of the satellite fee. The usefulness of such a declaration is somewhat in question, given that defendants have ceased imposition of the fee. But a declaration may prove useful in deterring future conduct in violation of the regulation, and the court concludes this interest is sufficient to tip the balance in favor of plaintiffs. *Cf. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 173–74 (2000) ("Such [civil] penalties may serve, as an alternative to an injunction, to deter future violations and thereby redress the injuries that prompted a citizen suitor to commence litigation."). The third and fourth factors relevant to declaratory relief are not implicated here, and there are no alternative remedies available at this point that would be better or more effective.

**IT IS THEREFORE ORDERED** this 15th day of May, 2017, that plaintiffs' Motion for Summary Judgment (Dkt. 178) is GRANTED. The court determines that the Independent Contractor Agreements under which the defendants previously required the plaintiffs and plaintiff class members to pay a satellite communication system fee of $15 per week constituted a forced purchase in violation of 49 C.F.R. § 376.12(i).

                                                           ___s/ J. Thomas Marten_____
                                                           J. THOMAS MARTEN, JUDGE