IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CANDACE FOX; ANTHONY GILLESPIE;
CHARLES SCHRECKENBACH, *Individually
and on behalf of a class of all others similarly
situated*,

         Plaintiffs,

v.                     No. 12-2706-JWB

TRANSAM LEASING, INC.; TRANSAM
TRUCKING, INC.,

         Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' unopposed motion to dismiss. (Doc. 236.) For the reasons stated below the motion is GRANTED.

The long history of this case is briefly summarized as follows. Plaintiffs' initial complaint alleged, among numerous other claims, that Defendants violated federal regulations by requiring Plaintiffs and other independent truckers to pay a communications fee to enter lease agreements with Defendants. The complaint included class action allegations under Fed. R. Civ. P. 23(b)(2), for purposes of obtaining declaratory relief, and under Fed. R. Civ. P. 23(b)(3), for purposes of recovering money damages. (Doc. 1 at 8-9.) Plaintiffs only moved for certification of a class under Rule 23(b)(3), however, and the court subsequently certified a class action on the regulatory claim pursuant to Fed. R. Civ. P. 23(b)(3). (Doc. 69 at 23; Doc. 80 at 7, n.1, 16.) The court also allowed Plaintiffs to amend their complaint and approved a form of notice to the class. (Doc. 89).

The court later granted Plaintiffs' motion for partial summary judgment on the regulatory claim. (Doc. 134) In an interlocutory appeal, the Tenth Circuit ruled that the court correctly

concluded the communication fee violated federal regulations, such that the ruling "will support the truckers' [request] for … declaratory relief," but Defendants were entitled to summary judgment on the class action claim for damages because Plaintiffs failed to produce evidence of damages. (Doc. 167 at 3.) Upon remand, and following the disposition of multiple other claims, the court granted Plaintiffs' motion for partial summary judgment, finding Plaintiffs were entitled to a declaratory judgment that the imposition of the communication fee was a violation of the regulations. (Doc. 187 at 8.)

The court then requested a status report to determine if final judgment should be entered, but the parties could not agree upon a report. (Docs. 200, 201.) Meanwhile, Plaintiffs filed a motion for attorneys' fees (Doc. 197). Defendants then filed a notice of appeal to the Tenth Circuit. (Doc. 202.) The parties eventually resolved their dispute and the appeal was dismissed. (Doc. 229.) Plaintiffs then moved in this court to withdraw their motion for attorneys' fees and "that the case be closed." (Doc. 230.) The court subsequently held a status hearing to address concerns about granting the motion or entering judgment without first notifying the class. *See* Fed. R. Civ. P. 23(c)(3) & 23(e).

After reviewing the history of the case, and Plaintiffs' unopposed motion to dismiss, the court is now satisfied that the motion to dismiss can be granted and judgment can be entered without prior notice to the class. Plaintiffs' claim for damages, which was certified under Rule 23(b)(3), was disposed of on the merits by the Tenth Circuit, and no aspect of that claim is subject to Rule 23(e). The claim for declaratory relief was potentially a class action claim under Rule 23(b)(2), but was never certified for class action treatment. Even had it been certified, notice to class members is not mandatory in a Rule 23(b)(2) claim, as Plaintiffs point out. *See Skinner v. Uphoff*, 175 F. App'x 255, 258 (10th Cir. 2006) (district court did not abuse discretion by not

requiring notice to members of (b)(2) class on claim for injunctive relief). At any rate, the absence of certification on this claim means that no part of the claim for declaratory relief, or of the related motion for attorneys' fees, is subject to the notice requirements of Rule 23.

IT IS THEREFORE ORDERED this 3rd day of October, 2018, that Plaintiffs' Unopposed Motion to Dismiss (Doc. 236) is GRANTED, and the action is hereby DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 42(a)(2). All other pending motions, including Docs. 197, 207, 215, 225, 226, and 230 are DENIED AS MOOT.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE